UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

        Plaintiffs,

v.

DICK'S SPORTING GOODS, INC. and
AMERICAN SPORTS LICENSING, LLC d/b/a
ASL, LLC,

        Defendants.

Civil Action No. 5:20-CV-526[FJS/ML]

---

## COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs"), by and through their counsel Bond, Schoeneck & King, PLLC, for their Complaint against defendants Dick's Sporting Goods, Inc. ("DSG") and American Sports Licensing, LLC d/b/a ASL, LLC ("ASL") (collectively, "Defendants"), allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, related state statutes, and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d).

## PARTIES

3.  Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Trees Drive, Watertown, New York 13601.

4.  Plaintiff JSL is a Bermuda corporation that has its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5.  Upon information and belief, DSG is a Delaware corporation, authorized to do business in New York, that has its principal place of business at 345 Court Street, Coraopolis, Pennsylvania 15108.

6.  Upon information and belief, DSG operates "Dick's Sporting Goods" retail stores across the United States, including numerous stores in the Northern District of New York (*e.g.*, Syracuse, Watertown, Albany, Auburn, Oneonta, New Hartford, Binghamton, and Ithaca), and also conducts retail sales in the Northern District of New York and throughout the United States on its interactive website at www.dickssportinggoods.com.

7.  Upon information and belief, ASL is a Delaware limited liability company that has its principal place of business at the same address as DSG's principal place of business, 345 Court Street, Coraopolis, Pennsylvania 15108.

8.  Upon information and belief, ASL is a subsidiary of DSG.

## PLAINTIFFS' TREE DESIGN MARKS

9.  For over 60 years, under license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive abstract Tree design (the "Tree Design Marks") in connection with the manufacture, marketing, and sale of various products, including without

limitation, the world famous air fresheners in the distinctive abstract Tree design shape ("LITTLE TREES Air Fresheners"), as shown by the examples below:



10. Examples of Plaintiffs' air freshener products bearing the Tree Design Marks are shown below:



11. Due to the immense popularity of the Tree Design Marks, Plaintiffs have used those marks on a wide variety of consumer goods, including t-shirts, hats, iron-on patches, stickers, socks, fleece blankets, pens, notebooks, playing cards, umbrellas, water bottles, keychains, and luggage tags, as shown by these examples:



3540124.5



12.     As a result of this long and extensive use on quality products and this long and extensive use as corporate identifiers, the Tree Design Marks are well known and well received.

13.     Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least 1952.

14.     JSL is the owner of the Tree Design Marks, and CFC is the exclusive licensee of the Tree Design Marks for air fresheners in the United States.  CFC, under license from JSL, is also a licensee of the Tree Design Marks for other products in the United States.

15.     Plaintiffs use the Tree Design Marks in many different fashions to identify Plaintiffs as the source of high-quality goods.  Among many other uses, the Tree Design Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, and throughout websites operated by Plaintiffs.  The Tree Design Marks also appear as the shape of the LITTLE TREES Air Fresheners.

16.     JSL owns the following incontestable federal trademark registrations for the Tree Design Marks, among others:

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| (tree with white band and base) | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| (solid black tree) | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |
| (tree outline) | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |
| (tree with white band and base) | 2,741,364 | July 29, 2003 | Travel bags, in Class 18; Shirts, sweatshirts, t-shirts, and caps, in Class 25 |
| (tree outline) | 3,766,310 | March 30, 2010 | Air fresheners, in Class 5; pens and stickers, in Class 16; luggage tags, in Class 18; shirts and hats, in Class 25 |

17. Pursuant 15 U.S.C. § 1115(b), JSL's incontestable registrations noted above are conclusive evidence of the validity of the marks and their corresponding registrations, of JSL's ownership of those marks, and of Plaintiffs' exclusive right to use those marks in commerce.

5

18. Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing, and promoting their goods sold under the Tree Design Marks.

19. Plaintiffs' LITTLE TREES Air Fresheners are widely promoted in a variety of media, including on numerous websites, magazines, and printed promotional materials.

20. Plaintiffs' LITTLE TREES Air Fresheners are sold through a wide variety of different channels.

21. Plaintiffs' LITTLE TREES Air Fresheners appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

22. As a result of this long and extensive use and promotion, Plaintiffs' Tree Design Marks enjoy widespread public recognition.  They have acquired tremendous goodwill and secondary meaning among the consuming public, which recognizes the Tree Design Marks as exclusively associated with Plaintiffs.

23. Plaintiffs' LITTLE TREES Air Fresheners have become staples of American commerce, familiar to millions of consumers who encounter these products and the Tree Design Marks in a wide variety of commercial contexts.  Consumers know and recognize the Tree Design Marks as designating products of the highest and most reliable quality.

24. The Tree Design Marks are non-functional and serve as arbitrary source identifiers of the Plaintiffs and their highly regarded products.

25.     Plaintiffs' Tree Design Marks are famous throughout the United States and have enjoyed such fame since long prior to Defendants' infringing and diluting acts complained of herein.

26.     JSL also has potent common law trademark rights in and to its Tree Design Marks by virtue of their longstanding and well-recognized use in commerce.

### DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' TREE DESIGN MARKS

27.     Upon information and belief, Defendants, without authorization from Plaintiffs, have advertised, offered for sale, sold, and/or distributed hats, patches, t-shirts, and stickers that use marks confusingly similar to Plaintiffs' famous Tree Design Marks (the "Infringing Products").

28.     Images of the Infringing Products appear immediately below:



T-shirt              Patch              Hat              Sticker

29.     Upon information and belief, Defendants have advertised, offered for sale, sold, and/or distributed Infringing Products throughout the United States, including in the Northern District of New York.

30.     On September 27, 2019, two Infringing Products (a sticker and a patch) were purchased by a customer at DSG's store in Syracuse, New York.  The back of

the packaging for both the sticker and the patch stated that those products were distributed by ASL.

31. On May 5, 2020, a visitor to DSG's website at www.dickssportinggoods.com saw three Infringing Products (the hat, the t-shirt, and the patch) being offered for sale. The website indicated these items were available for pickup at various locations of DSG's stores.

32. Plaintiffs have never given Defendants permission to use Plaintiffs' Tree Design Marks in the sale or promotion of the Infringing Products.

33. Defendants' use of the marks at issue in connection with the sale, offering for sale, distribution, and/or advertising of the Infringing Products has been and, if continued, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' products, and to mislead the public into believing that Defendants' products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

34. Upon information and belief, Defendants were aware of Plaintiff's famous Tree Design Marks prior to the promotion and sale of the Infringing Products, but nevertheless intentionally proceeded with the promotion and sale of the Infringing Products with disregard for Plaintiffs' rights.

35. Defendants, by their acts complained of herein, have infringed the Tree Design Marks, diluted the unique commercial impression of the Tree Design Marks, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used

the reputation and goodwill of Plaintiffs to sell their goods, which are not connected with, or authorized, approved, licensed, produced, or sponsored by, Plaintiffs.

36. Defendants' aforesaid acts have caused and, if continued, will continue to cause irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK
### (Federal)

37. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 36 as if set forth herein.

38. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods and to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

39. Defendants' activities constitute an infringement of the Tree Design Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

40. Defendants' acts of infringement have caused injury to Plaintiffs.

41. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

42. Defendants' acts of infringement, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

## CLAIM II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Federal)

43. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 42 as if set forth herein.

44. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

45. Defendants' activities constitute infringement of Plaintiffs' Tree Design Marks, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

46. Defendants' acts of infringement, false designations of origin, and unfair competition have caused injury to Plaintiffs.

47. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

48. Defendants' acts of infringement, false designations of origin, and unfair competition, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

### CLAIM III
### TRADEMARK DILUTION
### (Federal)

49. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 48 as if set forth herein.

50. Plaintiffs are respectively the owner and licensee of the rights in and to Plaintiffs' Tree Design Marks that are distinctive and famous among the general consuming public in the United States and have been famous since long before Defendants engaged in the activities complained of herein.

51. Defendants' activities, as set forth above, have been, and if continued, are likely to dilute, impair, tarnish, and blur the distinctive quality of Plaintiffs' famous Tree Design Marks in violation of 15 U.S.C. § 1125(c).

52. Defendants' acts of dilution have caused injury to Plaintiffs.

53. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

54. Defendants' acts have caused substantial and irreparable injury to Plaintiffs and, in particular, to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and, if continued, will continue to cause substantial and irreparable injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL
## BUSINESS LAW § 360-l

55. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54 as if set forth herein.

56. Defendants' activities have been, and if continued, are likely to dilute Plaintiffs' distinctive Tree Design Marks, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

57. Defendants' violations of New York General Business Law § 360-l have caused injury to Plaintiffs.

58. Defendants' violations of New York General Business Law § 360-l have caused, and, if continued, will continue to cause Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## CLAIM V
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION
### (Common Law)

59. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 58 as if set forth herein.

60. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

61.     Defendants' activities complained of herein constitute trademark infringement and unfair competition under New York State common law.

62.     Defendants' aforesaid violations of New York State common law have caused injury to Plaintiffs.

63.     Defendants' aforesaid violations of New York State common law, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.     That Defendants and their affiliates, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

1.     Any manufacture, production, sale, import, export, distribution, advertisement, promotion, display, or other exploitation of the Infringing Products;

2.     Any use of Plaintiffs' Tree Design Marks or any other marks, designs, products, designations, or displays confusingly similar thereto, in connection with any goods or services;

3.     Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks; and

4.     Committing any other acts calculated or likely to cause consumers to believe that Defendants or their goods or services are in any manner connected, affiliated, or associated with or sponsored or approved by Plaintiffs;

B. Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiffs for destruction all units of the Infringing Products and all materials (including, without limitation, all advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within their possession, custody, or control, either directly or indirectly, that display or incorporate the Tree Design Marks or any other marks, designs, products, designations, or displays confusingly similar thereto;

C. Pursuant to 15 U.S.C. § 1116, that Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

D. Pursuant to 15 U.S.C. § 1117(a), that Defendants be directed to account to Plaintiffs for all gains, profits, and advantages derived from Defendants' wrongful acts;

E. Pursuant to 15 U.S.C. §§ 1117(a), that Plaintiffs recover from Defendants three times the amount of Defendants' profits;

F. Pursuant to 15 U.S.C. §§ 1117(a), that Plaintiffs recover from Defendants their attorneys' fees and costs in this action;

G. That Plaintiffs recover prejudgment interest; and

H. That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: May 8, 2020                                BOND, SCHOENECK & KING, PLLC


                                                                                                   By: *s/ Liza R. Magley*
                                                                                                           Louis Orbach (507815)
                                                                                                           Liza R. Magley (519849)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Email: lorbach@bsk.com
Email: lmagley@bsk.com

*Attorneys for Plaintiffs*

15

3540124.5