

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**LOUIS ORBACH, ESQ.**
OrbachL@bsk.com
P: 315.218.8633
F: 315.218.8100

February 26, 2021

<u>**VIA ECF**</u>

Hon. Miroslav Lovric
United States Magistrate Judge
Federal Building and United States Courthouse
15 Henry Street
Binghamton, New York 13901

Re:   *CAR-FRESHNER Corporation, et al. v. Dick's Sporting Goods, et al.*
      *Case No: 5:20-cv-00526 (FJS/ML)*

Dear Magistrate Judge Lovric:

We write in response to the "status report" submitted today by Defendants (ECF Doc. No. 47).

We did not believe status reports to be due today. As we understood, the Court's text order of January 4, 2021 (ECF Doc. No. 38) was superseded in this respect by the Court's text order of February 5, 2021 (ECF Doc. No. 45) which directs the parties to file status reports regarding the progress of the litigation on or before April 12, 2021.

However, certain statements in Defendants' status report call for a response.

First, Dick's still has not designated witnesses to testify on Topics 23 and 24 of Plaintiffs' Amended Rule 30(b)(6) Deposition Notice, served on Dick's on December 22. Topics 23 and 24 were not a subject of Dick's subsequent motion for a protective order. Yet Dick's still has not designated witnesses to testify on these topics. We sent Defendants' counsel another email request for these designations yesterday and thereafter we received from them documentation concerning Dick's document retention policies. Defendants proposed over a month ago, on January 14, that Dick's produce its document retention policies in response to Topic No. 23, and that we forego requiring a witness on the topic. At the time, we agreed to consider the proposal if we received the policies. We did not receive them until yesterday. We are reviewing them now. In the meantime, we still have received no designation from Dick's on Topic 24.

Attorneys At Law | A Professional Limited Liability Company

February 26, 2021
Page 2


Second, Defendants' statement that they have "offered to designate prior deposition testimony in response to certain topics in lieu of repeating pre-existing testimony" fails to convey the whole story. Despite our repeated requests, Dick's failed to designate witnesses on any of the topics in Plaintiffs' Amended Rule 30(b)(6) Deposition Notice until last Thursday, February 18. On that date, Dick's informed us, *inter alia*, that it was designating its former employee Paul Haggerty as its witness on Topics 2, 3 and 4, and stated that "[w]e can either designate relevant sections of his testimony or you can repeat your questioning." We deposed Mr. Haggerty on January 25 pursuant to a subpoena. Defendants' counsel represented Mr. Haggerty at that deposition, and had Plaintiffs' Amended Rule 30(b)(6) Deposition Notice since December 22. If they were contemplating designating Mr. Haggerty as a 30(b)(6) witness, they should have alerted us to that fact prior to his deposition on January 25.  On February 23, we reserved our rights but asked Defendants' counsel to specify what "sections" of Mr. Haggerty's testimony Dick's would propose to designate, so that we could consider the proposal. We have yet to hear back from Defendants' counsel in this regard.

Third, at the hearing on February 5, Defendants' counsel represented to the Court that Dick's was prepared to provide us with a "written description" concerning Topic 22. That same day, following the hearing, we wrote to Defendants' counsel by email and asked them to send us that "written description" so that the parties could meet and confer further on Topic 22, as the Court had directed the parties to do. We repeated this request on February 10, February 17, February 23, and February 25. Defendants' counsel did not send us the "written description" until yesterday afternoon, *after* we sent them an email earlier in the day telling them that we would contact the Court if we did not receive it this week. We are currently reviewing the "written description," now that it has finally been produced.

Lastly, on February 10 we told Defendants' counsel that we would be making a production of documents today, and we intend to do so. They never raised any objection or concern to this plan.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC


*s/Louis Orbach*
Louis Orbach
LO


12170879.2