

5:20-One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

**LIZA R. MAGLEY**
lmagley@bsk.com
P: 315.218.8226

April 12, 2021

<u>VIA ELECTRONIC FILING</u>

Hon. Miroslav Lovric
United States Magistrate Judge
Federal Building and United States Courthouse
15 Henry Street
Binghamton, New York 13901

Re: *C<small>AR</small>-F<small>RESHNER</small> Corporation, et al. v. Dick's Sporting Goods, Inc., et al., 5:20-cv-526 (FJS/ML) (N.D.N.Y.)*

Dear Magistrate Judge Lovric:

On behalf of Plaintiffs C<small>AR</small>-F<small>RESHNER</small> Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs"), we respectfully submit this status report pursuant to the Court's text order of February 5, 2021. (ECF Doc. No. 45)

## I.  Status of Discovery and Efforts to Meet & Confer

As the Court is aware, Plaintiffs served interrogatories and requests for production on Defendants Dick's Sporting Goods, Inc. ("DSG") and American Sports Licensing, LLC ("ASL") (collectively, "Defendants") on July 24, 2020. *See* ECF Doc. No. 24, p. 3, Exhs. A-D. Nearly nine months later, after significant letter correspondence, multiple attempts to meet-and-confer, and several conferences with the Court, Defendants' discovery responses inexplicably remain deficient.

On December 22, 2020, Plaintiffs served on DSG an Amended Notice of F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) Deposition ("ANOD"), which DSG acknowledges contains a "significant reduction" from the initial topics served on Defendants. (ECF Doc. No. 42, p. 1-2) Despite this "significant reduction," one month later, DSG filed a letter motion with the court seeking a protective order concerning the topics in Plaintiffs' ANOD. (ECF Doc. No. 41, p. 1) Plaintiffs opposed DSG's request. (ECF Doc. No. 43)

On February 5, 2021, after holding a telephonic hearing, the Court issued a text order denying this letter motion "with respect to topics 2, 5-8, 10, 12, and 15-17, as identified in the motion," and directing the parties to meet-and-confer to resolve DSG's issue with topic 22. (ECF Doc. No. 45) Topic 22 seeks information concerning DSG's search for documents responsive to Plaintiffs' requests for production of documents in this action. (ECF Doc. No. 43, p. 5)

Hon. Miroslav Lovric
April 12, 2021
Page 2

Defendants' counsel represented during the hearing that DSG was prepared to provide us a "written description" concerning Topic 22. That day, following the hearing, we emailed Defendants' counsel asking them to send us that "written description" so that the parties could meet-and-confer as directed by the Court. We had to repeat our request to Defendants' counsel for the "written description" on February 10, February 17, February 23, and February 25. Only *after* our email on February 25 in which we threatened to contact the Court, did Defendants finally furnish us with this "written description".

Rather than provide any assurances to Plaintiffs, Defendants' correspondence on February 25 concerning Topic 22 revealed patent deficiencies in DSG's document collection efforts. Accordingly, on March 15, 2021, we sent Defendants' counsel a letter detailing the deficiencies. Defendants' counsel responded via letter correspondence on March 23, 2021.

The March 23 letter failed to assuage all of Plaintiffs' concerns, so the parties conducted a lengthy telephonic meet-and-confer on March 26, 2021. That day, following the call, Defendants' counsel sent us a letter "memorializing" the conference, but the letter neither fully nor accurately captured the call. Therefore, on March 30, 2021, we sent a letter to Defendants' counsel clarifying issues of outstanding concern.

Defendants' counsel responded to our March 30 letter via letter correspondence at the end of the day on April 2, 2021. Again, this response failed to resolve certain discovery deficiencies, so we were forced to send Defendants' counsel another letter, dated April 7, 2021 enumerating the same. Late in the afternoon this past Friday, April 9, 2021, the business day before the deadline for this status report, we received a response from Defendants' counsel.

Consistently, the April 9 response failed to rectify or resolve deficiencies about which we have conferred with Defendants' counsel. Moreover, the issues arising out of Defendants' deficient document collection have delayed Plaintiffs ability to take depositions of Rule 30(b)(6) designees and to assess whether they need to take a Rule 30(b)(6) deposition of Paul Haggerty, to the extent he has been offered as a Rule 30(b)(6) designee after Plaintiffs deposed him as an individual witness.

12388549.2

II.    Outstanding Discovery Issues

    A.  Document Collection

       1.  Custodians and Search Terms

The February 25 "written description" concerning Topic 22 indicated that Defendants conducted a search of a very limited number of custodians' email accounts. In fact, it showed Defendants did not search the email accounts of DSG's Rule 30(b)(6) designees Lee Jackson and Christina Pollack, despite DSG also having named both in its interrogatory answers as "individuals likely to have been primarily involved in the design and marketing of the disputed products." The February 25 "written description" further indicated that Defendants did not initially search the accounts of six other key custodians, all of whom Plaintiffs have identified by reviewing documents produced by Defendants in this matter.

All of these custodians clearly should have been part of Defendants' first round of searches when they received Plaintiffs' discovery demands last July. Yet, Plaintiffs were required to put together the pieces of the puzzle by analyzing Defendants' productions.

In the March 23 letter, Defendants' counsel represented that Defendants would search Jackson and Pollack's email accounts. After a meet-and-confer and additional correspondence, Defendants' counsel represented in an April 2 letter that Defendants would search the six additional accounts. It was not until Defendants' counsel's April 9 letter that Plaintiffs received a date certain in April by which Defendants' document production with these additional custodians would be complete: April 29, 2021.

This document production, however, must not just include the resolved issue of appropriate custodians, but also appropriate search terms. In addition to revealing deficiencies in Defendants' custodian search, the February 25 "written description" also indicated that Defendants' search terms used to locate responsive emails were deficient for all custodians. For example, Defendants did not include the term "tree," which is indefensible in a case that is all about a tree design and did not include the term "freshener" outside the phrase "Car Freshener." Similarly, Defendants did not search for "Stay Fresh," unless it appeared within five words of "Alpine Design" or the word "Alpine." In a case all about the "Stay Fresh" design, this limitation is absurd.

We identified the unreasonableness of these limitations in our correspondence to Defendants' counsel on March 15. Since then, in correspondence and during the March 26 meet-and-confer, some progress has been made through compromise, but

Hon. Miroslav Lovric
April 12, 2021
Page 4

the issue of appropriate search terms for the new (and original) custodians has not been resolved.

Specifically, in our April 7 correspondence to Defendants' counsel, we agreed to accept the proposed search for "Tree" within 10 words of "Car" provided Defendants also agreed to search for the term "Tree" within 10 words of each of the following: "Fresh", "Mirror", "Smell", and "Scent". We also indicated that in all instances, the search terms would have to be case-insensitive and include the plural and any suffixes ("*e.g.*, "Trees" and "Scented"). In the April 9 letter, Defendants' counsel indicated acceptance of the additional proximity searches, but refused to include the plural form of the word "Tree" for any search.

Defendants have not indicated that searching for the plural form of "Tree" would be onerous or disproportionate, especially in light of the central issue of this case: a tree design. Therefore, in addition to the additional terms Defendants indicated some agreement on in the April 9 letter, Plaintiffs request that the Court compel Defendants to search for all terms described in the previous paragraph, including "Tree", in a case-insensitive format that includes the plural and any suffixes, by no later than April 29, 2021.

## 2. Design History File for Stay Fresh Logo

In our March 15 correspondence to Defendants' counsel, we requested that Defendants produce the entire contents of the design history file for the Stay Fresh design (*i.e.*, the design at issue in this case) in native format. DSG's former employee, Paul Haggerty, testified in his deposition that this file should exist and about its contents. In response to this request, on March 23, Defendants' counsel expressly admitted that DSG "did not produce the 'entire contents of the design file' for the stay fresh design."

This failure to produce the entire contents of the design history file was incredible, as this case centers on the Stay Fresh logo and Plaintiffs' July 2020 requests for production called for all documents concerning the design of that logo to be produced. Therefore, Plaintiffs persisted in requesting it. Finally, on April 2, Defendants' counsel made a production that purportedly included that whole file, in native.

The file produced, however, does not align with Mr. Haggerty's deposition testimony: it does not contain, at minimum, a reference photograph he stated would be in the file, and the metadata shows the file as being created months later than the date Mr. Haggerty testified the logo itself was created. We alerted Defendants' counsel to these discrepancies in our April 7 correspondence, and requested Defendants' counsel

Hon. Miroslav Lovric
April 12, 2021
Page 5

tell us what steps, if any, DSG took to locate a design file matching Mr. Haggerty's description and the results of the search.

Instead of addressing the discrepancies or advising us of the steps and results of the design history file search, in correspondence dated April 9, Defendants' counsel merely stated: "We produced the native version of the file requested by you in its entirety. We also reviewed Haggerty's transcript, that does not change the outcome of the search." This statement clearly is nonresponsive, as Mr. Haggerty's testimony should not change the *outcome* of the search, but rather, the search itself.

Given the importance of the origin of the design of the Stay Fresh logo squarely at issue in this case, and the obvious discrepancies between Mr. Haggerty's testimony and the native file produced, Plaintiffs respectfully request that the Court order Defendants to provide Plaintiffs a broken down, detailed description of exactly what they have done to search for the design history file or to designate a Rule 30(b)(6) witness on the topic.

### B. FED. R. CIV. P. 30(b)(6) Depositions

Plaintiffs intended to conduct depositions of Defendants' Rule 30(b)(6) designees, Lee Jackson and Christina Pollack, this week. By our April 7 correspondence to Defendants' counsel, however, not only had Defendants not produced any documents resulting from the remedial searches DSG agreed to perform, but also had not even provided a date certain by which Plaintiffs could expect to receive those documents. Without even the results of searches of Jackson and Pollack's email accounts, conducting these depositions would have been imprudent and inefficient. Therefore, Plaintiffs cancelled the depositions and requested Defendants provide new dates.

Since April 7, Defendants' counsel offered Plaintiffs May 12 and May 11 for Jackson and Pollack's depositions, respectively, accounting for the promised production date of April 29, 2021. While Defendants' counsel's April 9 letter characterizes this delay as arising out of our request for "additional searches," and refers to the April 29 production as arising out of our request for an "expanded search," these characterizations are belied by the discussion in Section II-A-1, *supra*. In fact, these are remedial searches that Defendants should have performed nearly nine months ago.

While the dates for the Jackson and Pollack deposition are being confirmed by the parties, there remains an issue outstanding concerning Defendants other proposed Rule 30(b)(6) designee: Paul Haggerty. As Plaintiffs previewed for the Court in their response to Defendants' "status report" on February 26, 2021, in addition to designating Lee Jackson and Christina Pollack as 30(b)(6) witnesses, DSG also

Hon. Miroslav Lovric
April 12, 2021
Page 6

offered to designate Mr. Haggerty's prior deposition testimony in response to certain topics in the ANOD.

This offer is troubling because, despite having the ANOD on December 22 and having Defendants' counsel represent Mr. Haggerty at a noticed deposition on January 25, it was not until February 18 that DSG offered to designate him as a Rule 30(b)(6) witness on any topic. Certainly, if Defendants planned on designating him, they should have alerted Plaintiffs prior to taking his deposition and prepared him accordingly. In light of this post-deposition designation, Plaintiffs were forced to reserve their rights and request that Defendants' counsel specify what sections of Mr. Haggerty's deposition they would be designating in order to consider the proposal.

Despite Plaintiffs' frequent and repeated requests, Defendants' counsel did not provide these designations until this past Friday, April 9. We have not had adequate time to review these designations and determine whether Mr. Haggerty was properly prepared to answer them on behalf of DSG and bind the entity. Therefore, we continue to reserve our rights on this matter and request the Court's permission to file another status report on this issue by a date certain.

### III. Conclusion

We respectfully request the Court's assistance to compel Defendants to comply with their discovery obligations without further delay, and to that end, request a conference with the Court.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

*s/ Liza R. Magley*

Liza R. Magley
LRM/lrm

cc: All Counsel of Record, via ECF

12388549.2